IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
MICHAEL CARDELLO and TRACY      )
CARDELLO,                       )
          Plaintiffs,           )
                                )
     v.                         )   Civil Action No. 05-1773
                                )
CRC INDUSTRIES, INC., et al.,   )
          Defendants.           )
```

MEMORANDUM

Gary L. Lancaster,
District Judge.                                          May 31, 2006

This is an action in products liability. Plaintiff, Michael Cardello, contends that as a condition of his employment, he was exposed on a daily basis to various benzene containing products including solvents, paints, gasoline, degreasers, and rust penetrants that were manufactured, distributed, or supplied by the various defendants. Defendants are twelve manufacturers, distributors, or suppliers of benzene containing products. Plaintiff contends that as a result of his exposure to defendants' benzene containing products he developed a potentially life threatening disease, acute myelogenous leukemia.

Plaintiff originally filed this complaint in the Court of Common Pleas of Allegheny County, Pennsylvania alleging negligence, breach of warranty, strict liability and intentional tort. One of the defendants, Radiator Speciality Company ("RSC")

removed the matter to this court, without the consent of the other defendants, asserting that plaintiff's state law claims, based on a failure to warn, are preempted by the provisions of the Federal Hazardous Substances Act, 15 U.S.C. §§ 1261 et seq. ("FHSA").  Therefore, according to RSC, plaintiff's claims present a federal question within the meaning of 28 U.S.C. §1331, and removal was appropriate under 28 U.S.C. §1441(a) and (b).[1]

At the initial Rule 26 conference held on May 19, 2005, the court expressed some concern as to whether there is a federal question presented here.  At that time, we afforded plaintiff an opportunity to brief the issue of subject matter jurisdiction and whether removal was proper; however, upon independent review of the issue, briefing by plaintiff is unnecessary.  Additionally, RSC's Notice of Removal adequately sets forth its position.  In

---

[1] Section 1441 provides in relevant part:

Actions removable generally.

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

any event, the court may address any issue concerning subject matter jurisdiction sua sponte at any time during the proceedings. Zelson v. Thomforde, 412 F.2d 56, 58 (3d. Cir. 1969).

Because we find that plaintiff's state law claims are not completely preempted by the FHSA, this court lacks subject matter jurisdiction and the complaint will be remanded to the Court of Common Pleas of Allegheny County, Pennsylvania.

I.  DISCUSSION

Under the removal statute, 28 U.S.C. § 1441, absent diversity of citizenship –- as in the present case –- a defendant's power to remove a state court action to federal court turns on whether plaintiff's claim arises under federal law within the meaning of 28 U.S.C. § 1331. See Caterpillar Inc. v. Williams, 482 U.S. 386, 392 & nn.5&6 (1987). Moreover, for removal, the federal question must appear on the face of the complaint unaided by the answer or petition for removal. See Gully v. First Nat'l Bank, 299 U.S. 109, 113 (1936). If it does not appear there, "no statement in the petition for removal ... can supply that want." Tennessee v. Union & Planters' Bank, 152 U.S. 454, 464 (1894).

These principles are well established and are referred to as the "well-pleaded complaint rule." In this case, plaintiff's

3

complaint sounds in Pennsylvania law, language, and theories of recovery.  The complaint neither expressly advances nor impliedly suggests a federal cause of action.  Accordingly, under the well-pleaded complaint rule, there is no basis to remove the case to federal court.

As stated above, however, RSC contends that the removal was proper because the FHSA preempts plaintiff's state law claims that are based on a failure to adequately warn.  RSC contends that the FHSA, not state common law, determines its duty to warn those exposed to hazardous consumer products; thus, plaintiff's claims arise under federal law and are removable.  We disagree.

As a general rule, federal preemption is nothing more than a defense to a state law claim.  The Supreme Court has made clear that, "[a]s a defense, [preemption] does not appear on the face of a well-pleaded complaint and therefore, does not authorize removal to federal court." Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1986).  Restated, the mere fact that a state law claim is subject to a federal preemption defense does not convert the state law claim into a federal question within the meaning of 28 U.S.C. § 1331.  The well-pleaded complaint rule remains in effect even when faced with a federal preemption defense. Metropolitan, 481 U.S. at 63.  See also Allstate Ins. Co. v. 65 Security Plan, 879 F.2d 90, 93 (3d Cir. 1989).

The Supreme Court has, however, recognized that an

exception to the well-pleaded complaint rule exists where Congress has so completely preempted a particular area that "any civil complaint raising this select group of claims is necessarily federal in character." Metropolitan, 481 U.S. at 63-64.  Neither the Supreme Court nor the Court of Appeals for the Third Circuit, however, has held that the FHSA completely preempts state tort products liability claims based on a failure to adequately warn about hazardous products.  Indeed, complete preemption is an exception to the well-pleaded complaint rule that is rarely invoked.  The Supreme Court has held that federal statutes completely preempt a particular field to the exclusion of state law, and permit removal in only three circumstances: the Labor Management Relations Act, 29 U.S.C. §185, Avco Corp. v. Aero Lodge No. 735, 390 U.S. 557, 560 (1968), accord Myers v. AK Steel Corp., 156 Fed. Appx. 528, 530 (3d. Cir. 2005); the Employee Retirement Income Security Act, 29 U.S.C. §1144, Metropolitan, 481 U.S. at 63-64, accord Levine v. United Healthcare Corp., 402 F.3d 156, 162 (3d. Cir. 2005); and the National Bank Act, 12 U.S.C. §85, 86, Beneficial Nat'l Bank v. Anderson, 539 U.S. 1 (2003), accord In re: Community Bank of Northern Virginia, 418 F.3d 277, 290 (3d. Cir. 2005).

     The Court of Appeals for the Third Circuit has developed a two-pronged test to determine whether a federal statute meets the requirements of the complete preemption doctrine, thus,

permitting removal.  Krashna v. Oliver Realty, Inc., 895 F.2d 111, 114 (3d Cir. 1998); Goepel v. Nat'l Postal Mail Handlers Union, 36 F.3d 306, 311 (3d Cir. 1994).  First, the statute must contain "civil enforcement provisions within the scope of which the plaintiff's state claim falls."  Railway Labor Executives Ass'n v. Pittsburgh & Lake Erie R. Co., 858 F.2d 936, 942 (3d Cir. 1988).  Second, the court must find a "clear indication of a Congressional intention to permit removal despite the plaintiff's exclusive reliance on state law."  Id.  Both factors must be present for the court to find that the federal statute meets the requirements of the "complete" preemption exception to the well-pleaded complaint rule.  Goepel, 36 F.3d at 311.[2]

We have no difficulty concluding that neither of these elements are present here.  First, Congress did not provide for a private cause of action for an individual to assert claims under the FHSA.  Indeed, the courts that have addressed the issue are uniform in holding that there is no private cause of action

---

[2]   The Court of Appeals for the Sixth Circuit has also held that complete preemption is dependant upon whether Congress created a private cause of action:
> Congress' failure to create in the MDA a "parallel federal cause of action that would 'convert' a state cause of action into the federal action for purposes of the well-pleaded complaint rule" precluded a finding of complete preemption and required that the district court remand the action to state court.

Strong v. Telectronics Pacing Sys., 78 F.3d 256, 260 (6th Cir. 1996).

permitted under the FHSA.  See, e.g., Riegel Textile Corp v. Celanese Corp., 649 F.2d 894, 897 (2d Cir. 1981); Doane v. Metal Bluing Prods., Inc., 568 F.Supp. 744, 746 (N.D.N.Y. 1983). Therefore, plaintiff has no right to seek relief of any kind on any theory under the FHSA.

Moreover, RSC must also demonstrate "a clear indication of a Congressional intention to permit removal despite the plaintiff's reliance on state law."  Railway Labor, 858 F.2d at 942; see also Metropolitan Life, 481 U.S. at 68; Goepel, 36 F.3d at 311.  If there is no affirmative indication of Congressional intent to permit removal, "the district court need not and should not address the issue of whether the state substantive law relied upon by the plaintiff has been preempted by federal law.  That issue must be left for determination by the state court on remand."  Railway Labor, 858 F.2d at 942.

RSC did not identify in its Notice of Removal, and we do not find anywhere in the FHSA, any indication of Congressional intent regarding removal.  Thus, the second part of the test is not met either.

Finally, we make clear that we do not decide whether the FHSA preempts any of plaintiff's state law claims.  We decide only that the FHSA does not fall within the complete preemption exception to the well-pleaded complaint rule, thus permitting removal.  Whether the FHSA preempts any of plaintiff's state law

7

claims, and if so, what affect it has on the merits of those claims, is a question we leave in the capable hands of the Court of Common Pleas of Allegheny County, Pennsylvania.

IV.     CONCLUSION

Upon removal, it is the removing party's burden to show the existence of federal jurisdiction.  Kaufman v. Liberty Mutual Ins. Co., 245 F.2d 918, 920 (3d Cir. 1957).  Because we find that RSC has not met its burden of proving federal jurisdiction, we will remand this case to state court.  The appropriate order follows.

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL CARDELLO and TRACY    )
CARDELLO,                     )
         Plaintiffs,          )
                              )
     v.                       )  Civil Action No. 05-1773
                              )
CRC INDUSTRIES, INC., et al., )
         Defendants.          )
```

## ORDER

Therefore, this 31st day of May, 2006, IT IS HEREBY ORDERED that the case is hereby remanded to the Court of Common Pleas of Allegheny County, Pennsylvania. The Clerk of Court will mark this case closed.

BY THE COURT:


s/Gary L. Lancaster , J.
The Honorable Gary L. Lancaster,
United States District Judge


cc:   All Counsel of Record